United States District Court
Southern District of Texas
**ENTERED**
September 19, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MELCHOR GONZALEZ, | § § § | |
| Plaintiff, | § | |
| v. | § § | CIVIL ACTION NO. H-23-2067 |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, | § § § § | |
| Defendant. | § § | |

**ORDER LIMITING ATTORNEYS' FEES**

Defendant Allstate Vehicle and Property Insurance Company moves under Texas Insurance Code § 542A.007(d) to limit plaintiff Melchor Gonzalez's right to recover attorneys' fees in the event he prevails. The basis of the motion is Gonzalez's failure to give Allstate presuit notice under § 542A.003(a). (Docket Entry No. 2 at ¶ 2). Gonzalez argues that he was not required to give presuit notice because he had "a reasonable basis for believing there is insufficient time to give the presuit notice before the limitations period will expire." § 542A.003(d)(1). (Docket Entry No. 5 at ¶¶ 8–11). Because Gonzalez has failed to establish that this exception applies, the court grants Allstate's motion.

Before filing an action for damages under the Texas Insurance Code, a plaintiff must give the defendant written notice that contains:

(1) a statement of the acts or omissions giving rise to the claim;

(2) the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and

(3) the amount of reasonable and necessary attorney's fees incurred by the claimant, calculated by multiplying the number of hours actually worked by the claimant's

attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services.

§ 542A.003(a), (b).

A plaintiff is not required to give presuit notice if he or she can demonstrate that it was impracticable because "the claimant has a reasonable basis for believing there is insufficient time to give the presuit notice before the limitations period will expire." *Id.* (d)(1).

If a defendant "pleads and proves" that it was entitled to but did not receive presuit notice as required by § 524A.003, "the court may not award to the claimant any attorney's fees incurred after the date the defendant files the pleading with the court. A pleading under this subsection must be filed not later than the 30th day after the date the defendant files an original answer in the court in which the action is pending." § 542A.007(d).

Gonzalez does not argue that he gave Allstate presuit notice. Instead, he contends he was not required to because, although his "loss occurred on or about February 18, 2021," he did not "seek legal help" until February 2023. (Docket Entry No. 5 at ¶ 9). Gonzalez's insurance policy had a statute of limitations of "two years and one day." (*Id.*). Gonzalez argues that, "due to the impending statute of limitations," he had "a reasonable basis to believe that he could not wait the statutorily-required sixty days to file suit." (*Id.* at ¶ 11). Allstate disagrees that Gonzalez was running up against the statute of limitations. According to Allstate, Gonzalez's "claim was not even started until February 17, 2023. Therefore, any statute of limitations claim would not begin to run for two years." (Docket Entry No. 2 at ¶ 10).

The court is unable to determine from the thin record when Gonzalez submitted his claim to Allstate and when Allstate paid the claim based on an allegedly improper adjustment. (Docket Entry No. 1-3 at 15). Gonzalez's state-court petition does not allege specific dates. Because the

2

court cannot determine when Gonzalez's claim accrued, it cannot credit his explanation that he reasonably believed the limitations period was about to expire.

Allstate's motion is granted. Gonzalez is not eligible to recover attorneys' fees incurred after June 6, 2023. *See* § 547A.007(d).

SIGNED on September 19, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge